FILED

OCT 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA JONNY ZELAYA, | No. 13-71857 |
| Petitioner, | Agency No. A200-695-964 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015**

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Sandra Jonny Zelaya, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of four instances of mistreatment from Zelaya's declaration, as well as her conviction for a crime involving fraud. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of circumstances)*; see also Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (omission from asylum application of participation in political demonstration supported adverse credibility determination); *see also Unuakhaulu v. Gonzales*, 416 F.3d 931, 938–39 (9th Cir. 2005) (criminal conviction involving fraud undermined credibility).

Substantial evidence also supports the agency's denial of Zelaya's CAT claim because it was based on the same statements that were found not credible, and the record does not otherwise compel the finding that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49. We reject Zelaya's contention that the agency failed to consider the country reports evidence and

Salvadorian political climate in denying her application. *See Fernandez v.*

*Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome

presumption BIA reviewed the record).

**PETITION FOR REVIEW DENIED**.